JACOB THULL V. HARRY ALLEN.

FILED DECEMBER 7, 1904. No. 13,660.

Evidence examined, and *held* sufficient to sustain the judgment of the district court.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Millard & Snider,* for plaintiff in error.

*B. Ready, contra.*

OLDHAM, C.

This was an action in forcible entry and detainer. Plaintiff had judgment of restitution in the court below, and defendant brings error to this court.

The first question called to our attention in the brief of plaintiff in error is that the evidence is not sufficient to sustain the judgment. It appears from the testimony in the bill of exceptions that defendant had leased the premises in dispute, in writing, for a period of one year from the first day of April, 1901, with the privilege of remaining another year if the premises were not sold. It appears that defendant had availed himself of this privilege and remained on the premises until the first day of April, 1903. On the 15th day of April plaintiff served notice, in writing, on defendant to surrender possession of the premises. This notice is offered in evidence, as well as the lease, and it was admitted in open court that plaintiff was the owner of the premises, and that defendant was in possession at and after the beginning of the suit. We think this evidence sufficient to sustain the judgment of the trial court. The presumption that defendant was holding by permission of the landlord after the expiration of the lease was fully overcome by the proof of the service of the notice to quit on the defendant. The evidence

showed that plaintiff prosecuted his suit diligently after the service of the notice, and there was nothing to indicate an acquiescence in defendant's wrongfully holding over.

It is further contended in the brief of plaintiff in error that the judgment of the district court is contrary to law, because the evidence shows that plaintiff had waived the breach of the lease by commencing a suit against the defendant for rent after instituting his suit of unlawful detainer. It appears from the record that the defendant in the court below laid the foundation to introduce the record of a subsequent suit for rent instituted by plaintiff against the defendant in the county court of Cedar county, but, after laying the foundation for this proof, the defendant neglected to offer the record of this proceeding, and counsel for plaintiff and defendant now dispute as to whether the suit for rent in the county court was for rent that accrued before or after the forfeiture. Without the record we are unable to determine this contention. These are the only two objections we have been asked to examine, and we therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.